434 F.2d 1050
 NATIONAL LABOR RELATIONS BOARD, Petitioner
v.
JOHN RUMMEL PONTIAC-CADILLAC, INC., Berry Pontiac, Inc., Drummy Oldsmobile, Inc., Mike Savoie Chevrolet, Floyd Foren Chevrolet, Inc., Engle Chevrolet-Oldsmobile Company, and Ed Rinke Chevrolet, Inc., Respondents.
 No. 20273.
 United States Court of Appeals, Sixth Circuit.
 December 23, 1970.
 
 On Petition to Enforce an Order of National Labor Relations Board.
 Charles R. Both, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Eugene B. Granof, Judith P. Wilkenfeld, Attys., N. L. R. B., Washington, D. C., on the brief, for petitioner.
 Louis J. Colombo, Jr., Detroit, Mich., Colombo, Vermeulen & Colombo, Frederick Colombo, William J. MacQueen, Detroit, Mich., on the brief, for respondents.
 Before McCREE, BROOKS, and MILLER, Circuit Judges.
 
 ORDER.
 
 1
 This cause came on to be heard upon the application of the National Labor Relations Board for enforcement of its order issued against respondents on April 24, 1969. The factual situation underlying the Board's findings, conclusions, and order are set forth in the opinion of the Trial Examiner and in the Board's Decision and Order, reported at 175 N.L.R.B. No. 71. The Board found that the companies had individually violated Sections 8(a) (5) and (1) of the Act, 29 U.S.C. § 158(a) (5) and (1), and ordered the companies to cease and desist from committing the unfair labor practices found, and from in any like manner, interfering with, restraining, or coercing their employees in the exercise of their Section 7 rights. The Board's order also requires the companies to engage in collective bargaining upon request with the union, the Automotive Salesmen's Association, to embody in a signed agreement any understanding reached, and to pose appropriate notices. With respect to Ed Rinke Chevrolet, Inc., the Board's order extends the certification year of the union for nine months from the date when that company begins to bargain in good faith.
 
 
 2
 Upon due consideration of the record on appeal, and the briefs and oral arguments of counsel, it appears to the court that the findings and order of the Board are supported by substantial evidence on the record as a whole, and are otherwise in accordance with law.
 
 
 3
 Accordingly, it is ordered that the order of the Board be, and it hereby is, enforced.